# EXHIBIT A

1   BORDIN SEMMER LLP
    Joshua Bordin-Wosk, State Bar No. 241077
2   jbordinwosk@bordinsemmer.com
    Benjamin A. Sampson, State Bar No. 291797
3   bsampson@bordinsemmer.com
    6100 Center Drive, Suite 1100
4   Los Angeles, California 90045
    Telephone: (323) 457-2110
5   Facsimile:  (323) 457-2120

6   Attorneys for Plaintiff,
    DENIS JACKSON
7

VENTURA
SUPERIOR COURT
**FILED**

**OCT 0 7 2021**

BRENDA L. McCORMICK
Executive Officer and Clerk
By:_____. Deputy

**IVONNE PEACOCK**

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF VENTURA**

10

11  DENIS JACKSON, an individual,                    ) Case No.:    56-2021-00558776-CU-WT-VTA
                                                     )
12              Plaintiff,                           ) **PLAINTIFF DENIS JACKSON'S**
                                                     ) **COMPLAINT FOR DAMAGES**
13         v.                                        )
                                                     ) **(1) DISCRIMINATION IN**
14  NATIONAL EXPRESS TRANSIT                         )     **VIOLATION OF FEHA;**
    CORPORATION, a corporation; NATIONAL            ) **(2) FAILURE TO PREVENT**
15  EXPRESS, LLC, a limited liability company; NE   )     **DISCRIMINATION IN**
    DURHAM HOLD CORP, a corporation;                )     **VIOLATION OF FEHA;**
16  DURHAM SCHOOL SERVICES L.P., a limited          ) **(3) RETALIATION IN VIOLATION**
    partnership; DURHAM SCHOOL SERVICES, a          )     **OF FEHA;**
17  company; and DOES 1 through 45; inclusive,      ) **(4) FAILURE TO ENGAGE IN THE**
                                                     )     **INTERACTIVE PROCESS;**
18              Defendants.                          ) **(5) FAILURE TO PROVIDE**
                                                     )     **REASONABLE**
19                                                   )     **ACCOMMODATION;**
                                                     ) **(6) LABOR CODE §§ 98.6 AND**
20                                                   )     **1102.5;**
                                                     ) **(7) WRONGFUL TERMINATION IN**
21                                                   )     **VIOLATION OF PUBLIC**
                                                     )     **POLICY;**
22                                                   ) **(8)  INTENTIONAL INFLICTION OF**
                                                     )     **EMOTIONAL DISTRESS;**
23                                                   ) **(9)  UNLAWFUL, UNFAIR AND/OR**
                                                     )     **FRAUDULENT BUSINESS**
24                                                   )     **PRACTICES; and**
                                                     ) **(10)FAILURE TO TIMELY PROVIDE**
25                                                   )     **EMPLOYMENT RECORDS**
                                                     )
26                                                   ) **PUNITIVE DAMAGES**
                                                     ) **DEMAND FOR JURY TRIAL**
27                                                   )
                                                     )
28  _____)

_____
**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**

BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Benjamin A. Sampson, State Bar No. 291797
bsampson@bordinsemmer.com
6100 Center Drive, Suite 1100
Los Angeles, California 90045
Telephone: (323) 457-2110
Facsimile: (323) 457-2120

Attorneys for Plaintiff,
DENIS JACKSON

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF VENTURA

| | |
|---|---|
| DENIS JACKSON, an individual, | Case No.: |
| Plaintiff, | **PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES** |
| v. | |
| NATIONAL EXPRESS TRANSIT CORPORATION, a corporation; NATIONAL EXPRESS, LLC, a limited liability company; NE DURHAM HOLD CORP, a corporation; DURHAM SCHOOL SERVICES L.P., a limited partnership; DURHAM SCHOOL SERVICES, a company; and DOES 1 through 45; inclusive, | (1) DISCRIMINATION IN VIOLATION OF FEHA;<br>(2) FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;<br>(3) RETALIATION IN VIOLATION OF FEHA;<br>(4) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;<br>(5) FAILURE TO PROVIDE REASONABLE ACCOMMODATION;<br>(6) LABOR CODE §§ 98.6 AND 1102.5;<br>(7) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>(9) UNLAWFUL, UNFAIR AND/OR FRAUDULENT BUSINESS PRACTICES; and<br>(10) FAILURE TO TIMELY PROVIDE EMPLOYMENT RECORDS |
| Defendants. | |
| | **PUNITIVE DAMAGES**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DENIS JACKSON, for his Complaint against Defendants, NATIONAL EXPRESS TRANSIT CORPORATION, a corporation; NATIONAL EXPRESS, LLC, a limited liability company; NE DURHAM HOLD CORP., a corporation; DURHAM SCHOOL SERVICES L.P., a limited partnership; DURHAM SCHOOL SERVICES, a company; and DOES 1 through 45; inclusive; inclusive with knowledge as to himself and otherwise on information and belief, hereby complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff DENIS JACKSON (hereinafter, "PLAINTIFF") was, during relevant times to this Complaint, an individual residing in Ventura County and working for Defendants at an office located in Oxnard, California.

2.      Defendant, NATIONAL EXPRESS TRANSIT CORPORATION ("NEXT"), is, and at all relevant times mentioned herein was, a company conducting business in the County of Ventura, California. NATIONAL EXPRESS TRANSIT CORPORATION employs in excess of 5 employees;

3.      Defendant, NATIONAL EXPRESS LLC ("NATIONAL EXPRESS") is, and at all relevant times mentioned herein was, a company conducting business in the County of Ventura, California.

4.      Defendant, NE DURHAM HOLD CORP., is, and at all relevant times mentioned herein was, a company conducting business in the County of Ventura, California.

5.      Defendant, DURHAM SCHOOL SERVICES, L.P., is, and at all relevant times mentioned herein was, a limited partnership conducting business in the County of Ventura, California. At the relevant time, its principal office in California was located at 2713 North River Ave., Rosemead, CA 91770.

6.      Defendant, DURHAM SCHOOL SERVICES, is, and at all relevant times mentioned herein was, a company conducting business in the County of Ventura, California.

7.      Defendants, DOES 1 through 45, inclusive, are and at all times herein mentioned were, individuals, corporations, partnerships, or business enterprises doing business in the State of California;

/ / /

1    8.    The true names and capacities, whether individual, corporate, associate, or otherwise,

2  of Defendants DOES 1 through 45, inclusive, are unknown to PLAINTIFF, who therefore sues said

3  Defendants by such fictitious names.  PLAINTIFF will ask leave of court to amend this Complaint

4  to show their true names and capacities when the same have been ascertained.  PLAINTIFF is

5  informed and believes and thereon alleges that each of the Defendants designated herein as DOES 1

6  through 35, inclusive, is responsible in some manner for the events and happenings referred to herein

7  which caused the damages hereinafter alleged;

8    9.    Reference to "Defendants" shall include the named Defendants and the "DOE"

9  Defendants;

10    10.    PLAINTIFF is informed and believes and thereon alleges that at all times herein

11  mentioned each of the Defendants, including the fictitiously named Defendants, were the agents

12  and employees of each of the remaining Defendants and were at all times acting within the purpose

13  and scope of said agency and employment;

14    11.    PLAINTIFF is informed and believes, and based thereon alleges, that at all material

15  times, one or more of each named and/or unnamed Defendants was in some fashion, by contract or

16  otherwise, the predecessors, affiliates, alter egos, assigns, joint-venturers, co-venturers or partners

17  of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged,

18   was acting within that capacity;

19    12.    PLAINTIFF is informed and believes, and thereby alleges, that each Defendant, acted

20  as an integrated enterprise with the others, were alter egos of each other, were joint employers of the

21  PLAINTIFF, were acting as partners, were successors in interest of the other, and/or were a joint

22  venture during the employment of PLAINTIFF.  Further, each of the Defendants aided, abetted,

23  incited, compelled, and/or coerced one another, and/or conspired with one another, to do the acts

24  alleged herein;

25    13.    Pursuant to Article VI, Section 10 of the California Constitution, subject matter

26  jurisdiction is proper in the Superior Court of California, County of Ventura;

27  / / /

28  / / /

3

**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**

14.     Pursuant to Section 395 of the California *Code of Civil Procedure*, venue is proper in the Superior Court of California for the County of Ventura, because the Defendants conducted business in Ventura County; and

15.     Prior to bringing this action, PLAINTIFF timely filed a complaint with the California Department of Fair Employment and Housing ("DFEH") as to the claims and causes of action alleged in this lawsuit. PLAINTIFF received a right-to-sue or "Notice of Case Closure" from the DFEH as to PLAINTIFF'S Complaint. Therefore, before commencing this action, PLAINTIFF properly exhausted his administrative remedies.

## FACTUAL BACKGROUND

16.     PLAINTIFF, a then 67-year-old male, worked for Defendants as the Director of Business Development and Operations from September of 2015 until his wrongful termination on or about January 12, 2021.

17.     Throughout his employment with Defendants, PLAINTIFF performed his duties in a competent and satisfactory manner. In fact, PLAINTIFF had just worked to implement Defendants into a significant book of business before the event that has disabled him. Specifically, on December 15, 2015, PLAINTIFF was in Orlando, Florida performing work on behalf of Defendants. As PLAINTIFF was traveling home, he accessed an airport shuttlebus. A fuel truck traveling 45 miles per hour struck the shuttlebus. At the time, PLAINTIFF was talking on the phone with then Vice President of Operations, Mark Foster, and corporate counsel for Defendants.

18.     Miraculously, PLAINTIFF survived the incident. He was transported by ambulance to Orlando Regional Hospital where he was a "John Doe" for two (2) days. During that time, PLAINTIFF was in and out of consciousness. While in the hospital for approximately seven (7) days, PLAINTIFF was diagnosed with having suffered a fractured right clavicle, ten fractured right ribs, herniated discs, injuries to his right knee and right shoulder and a concussion to his head. He later learned that he suffered a tear in his right rotator cuff and a tear and spur in his right knee.

19.     In spite of the significant injuries PLAINTIFF sustained, he returned to work for Defendants in or around February of 2016. He continued to perform his job duties in a satisfactory manner. PLAINTIFF had to take leave at the time of his first back surgery. Specifically, on or about

1    October 11, 2016, PLAINTIFF underwent a laminectomy and discectomy. Following the surgery,

2    he received physical therapy. Unfortunately, his pain persisted, necessitating a second back surgery

3    on or about November 14, 2017. On or about April 16, 2019, PLAINTIFF underwent a third back

4    surgery for the work accident he sustained.

5          20.     PLAINTIFF'S struggle to recover from the injuries he suffered while working for

6    Defendants was long and hard fought. PLAINTIFF'S goal was to return to his job. Defendants

7    claimed they would keep open for him while he focused his efforts on recovering. At no time did

8    Defendants ever advise PLAINTIFF that his job had been terminated. Defendants knew or should

9    have known that PLAINTIFF could return to work with limited restrictions. Defendants failed to

10    engage in the interactive process with PLAINTIFF.

11          21.     Having heard nothing from Defendants, on December 31, 2020, PLAINTIFF notified

12    Defendants' Chief Operating Officer, Mark Foster, and CEO, Gary Waits, that he had been cleared

13    by his physician to return to work. Mr. Foster and Mr. Waits ignored Mr. Jackson's correspondence

14    and failed to engage in the interactive process.

15          22.     On January 8, 2021, PLAINTIFF sent Mr. Foster a follow-up email, advising that he

16    had not yet heard back from any person working for Defendants about when he could return to his

17    job position that Defendants promised to keep open for him.

18          23.     On January 12, 2021, Mr. Foster sent PLAINTIFF an email with a letter attached. The

19    letter erroneously claimed that PLAINTIFF position was no longer available because Defendants had

20    reached "barely sustainable" service volumes due to COVID-19. Further, Mr. Foster's letter stated,

21    "we have reviewed your restrictions, and believe that you would not be able to perform the essential

22    functions of a national sales role requiring extensive travel, even with a reasonable accommodation."

23    Defendants' assertion is shocking since no one from Defendants engaged in the interactive process

24    with PLAINTIFF. Moreover, per the Work Status Report ignored by Defendants, PLAINTIFF'S

25    restrictions were very limited. PLAINTIFF's restrictions would not have prevented him from

26    performing the essential functions of his job duties for Defendants.

27          24.     Notably, Mr. Foster also confirmed that PLAINTIFF had already been fired but that

28    no one bothered to tell him. Specifically, Mr. Foster inaccurately claimed that PLAINTIFF had been

5

1  inactive for five (5) years, which would not disqualify PLAINTIFF from working for Defendants

2  again should he apply for a position.

3      25.    On January 12, 2021, PLAINTIFF sent Mr. Foster an email advising that his

4  restrictions were minimal and would not interfere with the traveling and the workload associated

5  with his job position. PLAINTIFF also sought clarification as to whether he had been terminated by

6  Defendants.

7      26.    On January 19, 2021, PLAINTIFF sent a follow-up email asking for the date he was

8  officially terminated, as he had never actually been told that he was terminated. Mr. Foster ignored

9  PLAINTIFF'S correspondence.

10     27.    On January 19, 2021, Mr. Foster responded, "It is good to know that you believe your

11 restrictions would still allow you to travel extensively, and we urge you to watch out for open

12 positions when business hopefully starts to turn around, and we will do the same. I wish you the best

13 of luck in your future endeavors . . ." Again, Defendants failed to engage in the interactive process.

14     28.    PLAINTIFF went through hell to recover from the injuries he sustained while

15 working in the course and scope of employment for Defendants. Despite Defendants' representation

16 that it would keep PLAINTIFF'S job position open, Defendants wrongfully terminated PLAINTIFF

17 and never bothered to let him know.

18     29.    Defendants subjected PLAINTIFF to discrimination/retaliation because of

19 PLAINTIFF'S medical condition, disability, age and/or other unlawful, discriminatory animus,

20 requests for and engagement in reasonable accommodation, opposition to discrimination/ retaliation,

21 opposition to bad faith in the interactive process and failure to provide reasonable accommodation,

22 and opposition to unlawful conduct through disparate treatment, false/pretextual warnings/write

23 ups/discipline, undesirable job functions, being treated in a disparaging fashion, being set up to fail,

24 pressure to avoid exercising his right to reasonable accommodation, and other actions reasonably

25 likely to impair PLAINTIFF'S job performance and prospects for advancement.

26     30.    Defendants' actions constitute disparate treatment and disparate impact

27 discrimination.

28 ///

6

PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES

1    31.    PLAINTIFF has received a Right to Sue letter from the California Department of Fair

2  Employment and Housing and has thus exhausted all necessary administrative remedies.

3                             **FIRST CAUSE OF ACTION**

4                    **(Discrimination in Violation of FEHA)**

5     **(Against NEXT; NATIONAL EXPRESS; NE DURHAM HOLD CORP.; DURHAM**

6       **SCHOOL SERVICES, L.P.; DURHAM SCHOOL SERVICES, and DOES 1-45)**

7    32.    PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

8  Complaint as though fully set forth herein.

9    33.    Defendants' actions constitute discrimination in violation of the Fair Employment

10  and Housing Act ("FEHA").

11    34.    As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

12  suffered and continues to suffer a loss in earnings and other employment benefits according to

13  proof at time of trial.

14    35.    As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

15  suffered humiliation, emotional distress and mental pain and anguish all to his damage in an

16  amount according to proof at trial.

17    36.    The acts of Defendants, and each of them, constituted "malice," "oppression," or

18  "fraud" (as those terms are defined in California Civil Code §§ 3294(c)(1) and 3294(c)(2)), in that

19  it was intended by Defendants, and each of them, to cause injury to PLAINTIFF or was despicable

20  conduct which was carried on by the Defendants, and each of them, with a willful and conscious

21  disregard of the rights of PLAINTIFF and subjected PLAINTIFF to cruel and unjust hardship in

22  conscious disregard of his rights.

23    37.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

24  oppressively and with the advance knowledge, conscious disregard authorization, ratification or act

25  of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

26  directors, or managing agents of the corporation. The actions and conduct of Defendants, and each

27  of them, were intended to cause injury to PLAINTIFF and constituted deceit and concealment of

28  material facts known to Defendants, and each of them, with the intention of the Defendants' part to

1  deprive PLAINTIFF of property and legal rights, justifying an award of exemplary and punitive

2  damages in an amount according to proof.

3  <u>**SECOND CAUSE OF ACTION**</u>

4  **(Failure to Prevent Discrimination in Violation of FEHA)**

5  **(Against NEXT; NATIONAL EXPRESS; NE DURHAM HOLD CORP.; DURHAM**

6  **SCHOOL SERVICES, L.P.; DURHAM SCHOOL SERVICES, and DOES 1-45)**

7     38.     PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

8  Complaint as though fully set forth herein.

9     39.     Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to

10  prevent discrimination.

11     40.     Defendants had knowledge and/or reasonable notice of the discrimination that took

12  place against PLAINTIFF and failed to prevent such.

13     41.     As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

14  suffered and continues to suffer a loss in earnings and other employment benefits according to

15  proof at time of trial.

16     42.     As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

17  suffered humiliation, emotional distress and mental pain and anguish all to his damage in an

18  amount according to proof at trial.

19     43.     The acts of Defendants, and each of them, constituted "malice," "oppression," or

20  "fraud" (as those terms are defined in California Civil Code §§ 3294(c)(1) and 3294(c)(2)), in that

21  it was intended by Defendants, and each of them, to cause injury to PLAINTIFF or was despicable

22  conduct which was carried on by the Defendants, and each of them, with a willful and conscious

23  disregard of the rights of PLAINTIFF and subjected PLAINTIFF to cruel and unjust hardship in

24  conscious disregard of his rights.

25     44.     The acts of Defendants, and each of them, were done fraudulently, maliciously and

26  oppressively and with the advance knowledge, conscious disregard authorization, ratification or act

27  of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

28  directors, or managing agents of the corporation. The actions and conduct of Defendants, and each

**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**

1 | of them, were intended to cause injury to PLAINTIFF and constituted deceit and concealment of

2 | material facts known to Defendants, and each of them, with the intention of the Defendants' part to

3 | deprive PLAINTIFF of property and legal rights, justifying an award of exemplary and punitive

4 | damages in an amount according to proof.

### THIRD CAUSE OF ACTION

**(Retaliation in Violation of FEHA)**

**(Against NEXT; NATIONAL EXPRESS; NE DURHAM HOLD CORP.; DURHAM**

**SCHOOL SERVICES, L.P.; DURHAM SCHOOL SERVICES, and DOES 1-45)**

9 |          45.     PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

10 | Complaint as though fully set forth herein.

11 |          46.     On July 16, 2015, Governor Brown approved an amendment to *Government Code*

12 | section 12940 prohibiting an employer or other covered entity from retaliating, or otherwise

13 | discriminating, against a person for requesting accommodation of his or her disability, regardless of

14 | whether the accommodation request was granted.

15 |          47.     The legislation stems from the Court of Appeal's decision in *Rope v. Auto-Chlor*

16 | *Systems of Washington, Inc.* (2013) 220 Cal.App.4th 635 (interpreting "associational disability")

17 | and other cases holding that a mere request for accommodation is not a protected activity for the

18 | purposes of the retaliation provisions in the Fair Employment and Housing Act (Government Code

19 | § 12940 et seq.). The Legislature cited a need to bring FEHA into line with the Equal Opportunity

20 | Employment Commission's interpretative guidance regarding federal laws, and with other state

21 | statutes (such as the Pregnancy Disability Leave Law and the California Family Rights Act), by

22 | clarifying that an employee cannot be retaliated against for requesting a reasonable accommodation

23 | for a disability.

24 |          48.     Defendants' actions constitute retaliation in violation of FEHA.

25 |          49.     As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

26 | suffered and continues to suffer a loss in earnings and other employment benefits according to

27 | proof at time of trial.

28 |          50.     As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

9

**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**

1 suffered humiliation, emotional distress and mental pain and anguish all to his damage in an

2 amount according to proof at trial.

3      51.    The acts of Defendants, and each of them, constituted "malice," "oppression," or

4 "fraud" (as those terms are defined in California *Civil Code* §§ 3294(c)(1) and 3294(c)(2)), in that

5 it was intended by Defendants, and each of them, to cause injury to PLAINTIFF or was despicable

6 conduct which was carried on by the Defendants, and each of them, with a willful and conscious

7 disregard of the rights of PLAINTIFF and subjected PLAINTIFF to cruel and unjust hardship in

8 conscious disregard of his rights.

9      52.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

10 oppressively and with the advance knowledge, conscious disregard authorization, ratification or act

11 of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

12 directors, or managing agents of the corporation. The actions and conduct of Defendants, and each

13 of them, were intended to cause injury to PLAINTIFF and constituted deceit and concealment of

14 material facts known to Defendants, and each of them, with the intention of the Defendants' part to

15 deprive PLAINTIFF of property and legal rights, justifying an award of exemplary and punitive

16 damages in an amount according to proof.

17                     **FOURTH CAUSE OF ACTION**

18       **(Failure to Engage in the Interactive Process in Violation of FEHA**

19    **(Against NEXT; NATIONAL EXPRESS; NE DURHAM HOLD CORP.; DURHAM**

20       **SCHOOL SERVICES, L.P.; DURHAM SCHOOL SERVICES, and DOES 1-45)**

21      53.    PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

22 Complaint as though fully set forth herein.

23      54.    Defendants' actions constitute failure to engage in the interactive process in

24 violation of FEHA.

25      55.    As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

26 suffered and continues to suffer a loss in earnings and other employment benefits according to

27 proof at time of trial.

28      56.    As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**

1   suffered humiliation, emotional distress and mental pain and anguish all to his damage in an

2   amount according to proof at trial.

3        57.    The acts of Defendants, and each of them, constituted "malice," "oppression," or

4   "fraud" (as those terms are defined in California *Civil Code* §§ 3294(c)(1) and 3294(c)(2)), in that

5   it was intended by Defendants, and each of them, to cause injury to PLAINTIFF or was despicable

6   conduct which was carried on by the Defendants, and each of them, with a willful and conscious

7   disregard of the rights of PLAINTIFF and subjected PLAINTIFF to cruel and unjust hardship in

8   conscious disregard of his rights.

9        58.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

10  oppressively and with the advance knowledge, conscious disregard authorization, ratification or act

11  of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

12  directors, or managing agents of the corporation. The actions and conduct of Defendants, and each

13  of them, were intended to cause injury to PLAINTIFF and constituted deceit and concealment of

14  material facts known to Defendants, and each of them, with the intention of the Defendants' part to

15  deprive PLAINTIFF of property and legal rights, justifying an award of exemplary and punitive

16  damages in an amount according to proof.

17                                   **FIFTH CAUSE OF ACTION**

18              **(Failure to Provide Reasonable Accommodation in Violation of FEHA)**

19          **(Against NEXT; NATIONAL EXPRESS; NE DURHAM HOLD CORP.; DURHAM**

20            **SCHOOL SERVICES, L.P.; DURHAM SCHOOL SERVICES, and DOES 1-45)**

21       59.    PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

22  Complaint as though fully set forth herein.

23       60.    Defendants' actions constitute failure to provide reasonable accommodation in

24  violation of FEHA.

25       61.    As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

26  suffered and continues to suffer a loss in earnings and other employment benefits according to

27  proof at time of trial.

28       62.    As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

11

**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**

1  suffered humiliation, emotional distress and mental pain and anguish all to his damage in an

2  amount according to proof at trial.

3      63.    The acts of Defendants, and each of them, constituted "malice," "oppression," or

4  "fraud" (as those terms are defined in California *Civil Code* §§ 3294(c)(1) and 3294(c)(2)), in that

5  it was intended by Defendants, and each of them, to cause injury to PLAINTIFF or was despicable

6  conduct which was carried on by the Defendants, and each of them, with a willful and conscious

7  disregard of the rights of PLAINTIFF and subjected PLAINTIFF to cruel and unjust hardship in

8  conscious disregard of his rights.

9      64.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

10  oppressively and with the advance knowledge, conscious disregard authorization, ratification or act

11  of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

12  directors, or managing agents of the corporation. The actions and conduct of Defendants, and each

13  of them, were intended to cause injury to PLAINTIFF and constituted deceit and concealment of

14  material facts known to Defendants, and each of them, with the intention of the Defendants' part to

15  deprive PLAINTIFF of property and legal rights, justifying an award of exemplary and punitive

16  damages in an amount according to proof.

17                          **SIXTH CAUSE OF ACTION**

18              **(Retaliation in Violation of Labor Code §§ 98.6 and 1102.5, *et. seq.*)**

19       **(Against NEXT; NATIONAL EXPRESS; NE DURHAM HOLD CORP.; DURHAM**

20         **SCHOOL SERVICES, L.P.; DURHAM SCHOOL SERVICES, and DOES 1-45)**

21      65.    PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

22  Complaint as though fully set forth herein.

23      66.    On July 16, 2015, Governor Brown approved an amendment to *Government Code*

24  section 12940 prohibiting an employer or other covered entity from retaliating, or otherwise

25  discriminating, against a person for requesting accommodation of his or her disability, regardless of

26  whether the accommodation request was granted.

27      67.    The legislation stems from the Court of Appeal's decision in *Rope v. Auto-Chlor*

28  *Systems of Washington, Inc.* (2013) 220 Cal.App.4th 635 (interpreting "associational disability")

1   and other cases holding that a mere request for accommodation is not a protected activity for the

2   purposes of the retaliation provisions in the Fair Employment and Housing Act (Government Code

3   § 12940 et seq.). The Legislature cited a need to bring FEHA into-line with the Equal Opportunity

4   Employment Commission's interpretative guidance regarding federal laws, and with other state

5   statutes (such as the Pregnancy Disability Leave Law and the California Family Rights Act), by

6   clarifying that an employee cannot be retaliated against for requesting a reasonable accommodation

7   for a disability.

8       68.      Defendants' actions constitute retaliation in violation of Labor Code sections 98.6

9   and 1102.5.

10      69.      Labor Code § 98.6 provides: "A person shall not discharge an employee or in any

11  manner discriminate, retaliate, or take any adverse action against any employee or applicant for

12  employment because the employee or applicant engaged in any conduct delineated in this chapter

13  including the conduct described in . . . Chapter 5 (commencing with Section 1101) . . ."

14      70.      Labor Code § 1102.5 (b) provides that "An employer . . . shall not retaliate against

15  an employee for disclosing information, or because the employer believes that the employee

16  disclosed or may disclose information, to a government or law enforcement agency, to a person

17  with authority over the employee or another employee who has the authority to investigate,

18  discover, or correct the violation of noncompliance . . . if the employee has a reasonable cause to

19  believe that the information discloses a violation of state or federal statute, or a violation or

20  noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the

21  information is part of the employee's job duties. Labor Code § 1102.5 (b) embodies important

22  public policies against anti-whistleblower policies and retaliatory conduct.

23      71.      Labor Code § 1102.5 (c) provides that "An employer . . . shall not retaliate against

24  an employee for refusing to participate in an activity that would result in a violation of state or

25  federal statute, or a violation or noncompliance with a state or federal rule or regulation." Labor

26  Code § 1102.5 (c) embodies important public policies against anti-whistleblower policies and

27  retaliatory conduct.

28  / / /

- 13 -

1    72.    Labor Code § 1104 provides that "In all prosecutions under this chapter, the

2    employer is responsible for the acts of his managers, officers, agents, and employees."

3    73.    As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

4    suffered and continues to suffer a loss in earnings and other employment benefits according to

5    proof at time of trial.

6    74.    As a proximate result of the wrongful conduct of Defendants, PLAINTIFF has

7    suffered humiliation, emotional distress and mental pain and anguish all to his damage in an

8    amount according to proof at trial.

9    75.    The acts of Defendants, and each of them, constituted "malice," "oppression," or

10    "fraud" (as those terms are defined in California *Civil Code* §§ 3294(c)(1) and 3294(c)(2)), in that

11    it was intended by Defendants, and each of them, to cause injury to PLAINTIFF or was despicable

12    conduct which was carried on by the Defendants, and each of them, with a willful and conscious

13    disregard of the rights of PLAINTIFF and subjected PLAINTIFF to cruel and unjust hardship in

14    conscious disregard of his rights.

15    76.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

16    oppressively and with the advance knowledge, conscious disregard authorization, ratification or act

17    of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

18    directors, or managing agents of the corporation. The actions and conduct of Defendants, and each

19    of them, were intended to cause injury to PLAINTIFF and constituted deceit and concealment of

20    material facts known to Defendants, and each of them, with the intention of the Defendants' part to

21    deprive PLAINTIFF of property and legal rights, justifying an award of exemplary and punitive

22    damages in an amount according to proof.

23    **SEVENTH CAUSE OF ACTION**

24    **(Wrongful Termination in Violation of Public Policy)**

25    **(Against NEXT; NATIONAL EXPRESS; NE DURHAM HOLD CORP.; DURHAM**

26    **SCHOOL SERVICES, L.P.; DURHAM SCHOOL SERVICES, and DOES 1-45)**

27    77.    PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

28    Complaint as though fully set forth herein.

**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**

78.     Labor Code §§ 98.6, 1102.5 (b) and (c) embody an important public policy in this state against anti-whistle blowing policies and retaliatory conduct. These public policies inure to the benefit of the public, not just the private interests of the employer and employee, because all individuals within the State are afforded these rights.

79.     Defendants' discharge of PLAINTIFF in or around January of 2021, violated the aforementioned fundamental principles of public policies in that there is a substantial and fundamental policy against retaliation for opposing acts reasonably believed to be in violation of the Labor Code, as delineated in the Labor Code, and against retaliation for objecting to or refusing to participate in illegal activity.

80.     By engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

81.     By the aforesaid acts and omissions of Defendants, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, costs of suit and other pecuniary loss in an amount to be proven at trial.

82.     The acts of Defendants, and each of them, constituted "malice," "oppression," or "fraud" (as those terms are defined in California *Civil Code* §§ 3294(c)(1) and 3294(c)(2)), in that it was intended by Defendants, and each of them, to cause injury to PLAINTIFF or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of PLAINTIFF and subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of his rights.

83.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to PLAINTIFF and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive PLAINTIFF of property and legal rights, justifying an award of exemplary and punitive

15

1   damages in an amount according to proof.

2   **EIGHTH CAUSE OF ACTION**

3   **(Intentional Infliction of Emotional Distress)**

4   **(Against all Defendants)**

5   84.     PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

6   Complaint as though fully set forth herein.

7   85.     The named Defendants' wrongful conduct based on PLAINTIFF'S medical

8   condition, disability, age and/or other unlawful, discriminatory animus, and request for reasonable

9   accommodation, has caused PLAINTIFF to suffer from severe emotional distress and mental

10  anguish. The aforesaid acts were done with the intent of causing PLAINTIFF to suffer severe

11  emotional distress and did cause PLAINTIFF to suffer extreme and severe mental anguish and

12  emotional distress.

13  86.     The named Defendants' conduct of retaliating against PLAINTIFF by wrongfully

14  terminating PLAINTIFF in violation of public policy based on his request for reasonable

15  accommodations has caused PLAINTIFF to suffer from severe emotional distress and mental

16  anguish. The aforesaid acts were done with the intent of causing PLAINTIFF to suffer severe

17  emotional distress and did cause PLAINTIFF to suffer extreme and severe mental anguish and

18  emotional distress.

19  87.     In doing the acts herein alleged, the named Defendants acted outrageously with the

20  intent of causing (or with reckless disregard of the probability of causing) severe emotional distress

21  to the PLAINTIFF including retaliating against PLAINTIFF, harassing PLAINTIFF, terminating his

22  employment, and leaving PLAINTIFF jobless.

23  88.     The named Defendants' actions as alleged in this cause of action, directly and

24  proximately resulted in the PLAINTIFF suffering and continuing to suffer, extreme emotional

25  distress and severe mental anguish in the form of humiliation, stress, anxiety, embarrassment,

26  nervousness, tension, depression, loss of self confidence and self-esteem, all to the detriment in a

27  sum within the jurisdiction of this Court, to be ascertained according to proof.

28  / / /

16

**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**

1    89.    As a direct, foreseeable, and proximate result of the named Defendants' actions, and

2 each of their actions alleged in this cause of action, the PLAINTIFF has suffered, and continues to

3 suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other

4 employment benefits he would have received had said Defendants' actions not caused him such

5 emotional suffering and grief, all to the PLAINTIFF'S damage, in a sum within the jurisdiction of

6 this court, to be ascertained according to proof

7    90.    As a direct, foreseeable, and proximate result of the Defendants' actions, as alleged

8 in this cause of action, which were intentional, malicious, despicable, and oppressive, and made in a

9 bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard the

10 PLAINTIFF'S rights by taking the actions alleged in this cause of action, the PLAINTIFF prays for

11 punitive damages against said Defendants in a sum within the jurisdiction of this court, to be

12 ascertained, according to proof, in a sufficiently large amount to punish said Defendants, deter future

13 conduct by said Defendants and others behaving like it, and to make an example of said Defendants.

14    91.    The conduct of the named Defendants described herein and above was outrageous

15 and was done with malice, fraud and oppression and with conscious disregard for PLAINTIFF'S

16 rights and with the intent, design and purpose of injuring PLAINTIFF. The named Defendants,

17 through their officers, managing agents and/or its supervisors, authorized, condoned and/or ratified

18 the unlawful conduct described hereinabove. By reason thereof, PLAINTIFF is entitled to an award

19 of punitive damages and/or exemplary in an amount according to proof at time of trial.

20                                    **NINTH CAUSE OF ACTION**

21                    **(Unlawful, Unfair and/or Fraudulent Business Practices**

22                              **Bus. & Prof. Code § 17200, *et. seq.*)**

23        **(Against NEXT; NATIONAL EXPRESS; NE DURHAM HOLD CORP.; DURHAM**

24           **SCHOOL SERVICES, L.P.; DURHAM SCHOOL SERVICES, and DOES 1-45)**

25    92.    PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

26 Complaint as though fully set forth herein.

27    93.    PLAINTIFF performed work for Defendants, as an employee, as stated herein.

28 / / /

1  94.  PLAINTIFF is informed and believes and, on that basis, alleges that at all relevant

2 times, Defendants were engaged in a scheme to operate in violation of law and to abuse and

3 oppress PLAINTIFF.

4  95.  Defendants unlawfully violated the California Labor Code sections identified

5 herewith and have therefore engaged in an unlawful business practice in violation of Business &

6 Professions Code section 17200, *et seq.*

7  96.  As a direct and proximate result of Defendants' unlawful business practice,

8 PLAINTIFF has suffered an injury in fact and was deprived of money or property to which he has a

9 valid and cognizable claim.

10  97.  The harm to PLAINTIFF resulting from Defendants' violation of the California

11 Labor Code sections identified herein far outweighs whatever benefits, if any, such business

12 practices have for Defendants.

13  98.  Therefore, PLAINTIFF is entitled to any and all restitution damages of all sums

14 earned and unpaid over the previous four years, arising from Defendants' unlawful or unfair

15 business acts or practices in an amount to be established according to proof.

16        **TENTH CAUSE OF ACTION**

17   **(Failure to Timely Provide Employment Records; California Labor Code § 1198.5)**

18   **(Against NEXT; NATIONAL EXPRESS; NE DURHAM HOLD CORP.; DURHAM**

19    **SCHOOL SERVICES, L.P.; DURHAM SCHOOL SERVICES, and DOES 1-45)**

20  99.  PLAINTIFF re-alleges and incorporates by reference all paragraphs of this

21 Complaint as though fully set forth herein.

22  100.  Employers in California are required to "maintain a copy of each employee's

23 personnel records" and make a current or former "employee's personnel records available for

24 inspection, and, if requested by the employee or his or her representative, provide a copy thereof."

25 Cal. Labor Code § 1198.5(c)(1)-(3). "Every current and former employee, or his or her

26 representative, has the right to inspect and receive a copy of the personnel records that the

27 employer maintains relating to the employee's performance or to any grievance concerning the

28 employee. Cal. Labor Code § 1198.5(a).

1     101.   Employers are required to "make the contents of those personnel records available

2 for inspection to the current or former employee or his or her representative, at reasonable intervals

3 and at reasonable times, but not later than 30 calendar days from the date the employer receives a

4 written request." Cal. Labor Code § 1198.5(b)(1).

5     102.   PLAINTIFF requested his personnel records. Defendants failed to provide any

6 response whatsoever.

7     103.   PLAINTIFF has been prejudiced in his efforts to obtain relief by her inability to

8 access critical employment information.

9     104.   Defendants have violated Labor Code section 1198.5 by failing to provide employee

10 personnel records within thirty (30) days of the initial request for their production. As a result,

11 PLAINTIFF is entitled to recover the seven-hundred and fifty-dollar ($750) penalty from

12 Defendants provided by Labor Code section 1198.5(l).

13                                **PRAYER FOR RELIEF**

14     WHEREFORE, PLAINTIFF, DENIS JACKSON, prays for judgment against Defendants as

15 follows:

16     1.    For payment of earned wages, withheld earnings, and other damages according to

17 proof in an amount to be ascertained at trial;

18     2.    For payment of all statutory obligations and penalties as required by law;

19     3.    For penalties, medical expenses, special damages, compensatory, and general

20 damages in an amount to be proven at trial;

21     4.    For punitive damages as allowed by law;

22     5.    Loss of income incurred and to be incurred according to proof;

23     6.    Loss of earning capacity according to proof;

24     7.    For reasonable attorneys' fees, including fees pursuant to California *Code of Civil*

25 *Procedure* section 1021.5 and Labor Code sections 2699, *et seq.*;

26     8.    For costs of suit incurred herein;

27     9.    For interest provided by law;

28     10.   All damages and penalties pursuant to the Labor Code;

**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**

11. For declaratory relief;

12. For injunctive relief for all appropriate relief, including, but not limited to, instituting policies, procedures and training to ensure compliance with the FEHA; –

13. For restitution and other equitable relief; and

14. For such other and future relief as the Court deems just and proper.

Dated: October 7, 2021                    **BORDIN SEMMER, LLP**

Benjamin A. Sampson, Esq.
Attorneys for Plaintiff,
DENIS JACKSON

## **DEMAND FOR JURY TRIAL**

PLAINTIFF, DENIS JACKSON, demands a jury trial.

Dated: October 7, 2021                    **BORDIN SEMMER, LLP**

Benjamin A. Sampson, Esq.
Attorneys for Plaintiff,
DENIS JACKSON

**PLAINTIFF DENIS JACKSON'S COMPLAINT FOR DAMAGES**